**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL SALMAN and SUZANNE SALMAN,<br><br>               Plaintiffs - Appellants,<br><br>  v.<br><br>CITY OF PHOENIX, a municipal corporation of the State of Arizona and UNKNOWN PARTIES, named as: John Does I-X, Jane Does I-X, Black and White Corporations I-X, and ABC Partnerships I-X,<br><br>               Defendants - Appellees. | No. 12-16497<br><br>D.C. No. 2:12-cv-01219-JAT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued and Submitted October 10, 2014
Phoenix, Arizona

Before: WALLACE, SILVERMAN, and M. SMITH, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiffs-Appellants Michael and Suzanne Salman appeal from what we interpret as the district court judgment dismissing their action against the City of Phoenix. The Salmans do not dispute the district court's denial of their request for an injunction restraining the execution of Michael Salman's municipal court sentence and dismissal of their other section 1983 claims based on the collateral estoppel effect of Judge Martone's dismissal of similar claims under *Heck v. Humphrey*, 512 U.S. 477 (1994), in their prior federal action. However, the Salmans challenge the district court's holding under the *Rooker–Feldman* doctrine that it lacked subject matter jurisdiction over their request for an order enjoining the City from implementing or enforcing Section 303 of the 2006 Phoenix Building Code on private religious gatherings and bible studies and over their other remaining claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and, under de novo review, we reverse.

The district court erred when it concluded that under *Rooker–Feldman* it lacked subject matter jurisdiction over the Salmans' request for a prospective injunction and over their other claims not barred by collateral estoppel because the Salmans' success on those claims would necessarily depend on the district court reaching findings opposite to those reached by the state court in Michael Salman's appeal from his conviction, requiring the district court to review the state court's

2

decision. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) ("If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.") (internal citations, quotation marks omitted); *see also Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1030 (9th Cir. 2005) (reversing the district court's holding that the *Rooker–Feldman* doctrine removed jurisdiction over the plaintiff's claims that a city ordinance denied constitutional rights and that the hearing officer was biased, since the plaintiff was "su[ing] the City ... (an adverse party), not a state court," and since the plaintiff was "challenging the City's interpretation of the Ordinance" but not "directly challeng[ing] the state court's factual or legal conclusion").

The district court likewise erred in concluding that it lacked subject matter jurisdiction under *Rooker–Feldman* because the Salmans' claims were "inextricably intertwined" with the prior state court decision. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003); *see also Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) ("The 'inextricably intertwined' language from *Feldman* is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the *Rooker–Feldman* analysis").

3

**REVERSED AND REMANDED.**

Salman v. City of Phoenix, 12-16497

SILVERMAN, Circuit Judge, dissenting:


The Salmans were convicted in Phoenix Municipal Court of various city code violations. Their defense at trial was that the code sections in question unconstitutionally infringed on their right to freedom of religion. They argued the same point on appeal to the Maricopa County Superior Court, which rejected the argument in reasoned decisions and affirmed their convictions.[1] The Salmans' next step was to the Arizona Court of Appeals; that was unsuccessful, too. They made no effort to seek review by the Arizona Supreme Court or to petition for certiorari in the U.S. Supreme Court.

Instead, they brought this lawsuit against the City of Phoenix seeking the federal district court's declaratory judgment on the very point on which they premised the defense of their criminal cases – that the Phoenix City Code sections are unconstitutional as applied to them. Of course, such declaratory relief would necessarily imply the invalidity of their convictions. As the district court correctly

---

[1]The court takes judicial notice of Maricopa County Superior Court case number LC2011-00583, affirming Suzanne Salman's conviction for three zoning violations.

concluded, this suit is in reality a "forbidden de facto appeal" under this court's precedents, and is therefore barred by the *Rooker-Feldman* doctrine. *See Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

This conclusion is not at odds with *Manufactured Home Communities, Inc. v. City of San Jose,* 420 F.3d 1022 (9th Cir. 2005). There, the plaintiff challenged the city's *interpretation* of an ordinance to conclude that the plaintiff had not supplied adequate information to qualify for its desired rent change. *Id.* at 1030. This is in contrast to the Salmans' current challenge, which is to the city's *criminal enforcement* of an ordinance *as it specifically applies to them*. This is simply another way of saying that they had a constitutional right to do what they were charged with and should have been granted a judgment of acquittal. The Salmans already litigated this challenge as part of their defense in their criminal cases and lost. Despite the Salmans' attempt to portray their lawsuit as something other than an attack on their convictions, it is obviously "inextricably intertwined" with their criminal case. *Noel*, 341 F.3d at 1165. That is, they have no "independent claim" over which a federal court might have jurisdiction; rather, their claims here are the same as those decided by the state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). As the district court ruled, *Rooker-Feldman* bars

federal courts from reviewing such claims. *See Cooper v. Ramos*, 704 F.3d 772, 781 (9th Cir. 2012) (barring inmate's challenge to ruling in his state case as a "forbidden de facto appeal" despite his portrayal of it as independent). Therefore, I would affirm the district court's dismissal of the case.